IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BIRGIT DUELL,                      )
                                   )
             Petitioner,           )
                                   )
      v.                           )      Misc. No.    25-205-CFC
                                   )                   25-207-CFC
UNITED STATES OF AMERICA,          )
                                   )
             Respondent.           )

## MEMORANDUM ORDER

At Wilmington on this Thirty-first day of July in 2025:

Petitioner Birgit Duell, of Bradenton, Florida, initiated the above captioned miscellaneous cases by filing petitions to quash third-party summons issued by the Internal Revenue Service.  Upon review, the Court will dismiss both petitions without prejudice to renewal and amendment in accordance with this Memorandum Order.

Under 26 U.S.C. § 7601, the Secretary of the Treasury is directed to make inquiries of every person who may be liable to pay tax.  Under 26 U.S.C. § 7602, the Secretary is vested with the authority to issue summons to fulfill the Secretary's investigatory obligation, which includes third-party recordkeeper summons issued to a bank or credit union.  *See* 26 U.S.C. § 7609.  Requirements for filing a petition to quash third-party summons are set forth in 26 U.S.C. § 7609.

Those regulations state that: (1) only persons "entitled to notice of a summons" may begin a proceeding "to quash such summons"; (2) those persons must do so "not later than the 20th day after the day such notice is given"; and (3) the persons must "mail by registered or certified mail a copy of the petition to the person summoned." 26 U.S.C. § 7609(a)-(b).

Petitioner has neither shown that the above captioned cases were initiated on or before the twentieth day after notice was given, nor that copies of her petitions were mailed to the persons summoned. As such, Petitioner has not established that the petitions to quash are ripe for this Court's review. Additionally, in both cases, Petitioner argues that she is not the person named in the summons, but only persons entitled to notice of a summons may petition to quash such summons. *See id.*

Based on the foregoing, it is HEREBY ORDERED that the petitions to quash third-party summons (D.I. 1 in each case) are **DENIED without prejudice**.

It is FURTHER ORDERED that, **on or before August 29, 2025**, Petitioner is **GRANTED** leave to file amended petitions to correct the defects discussed above.

It is FINALLY ORDERED that Petitioner's motions for leave to file electronically (D.I. 3 in each case) are **GRANTED**.

_____
Chief Judge

2